# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| YVONNE ESTES, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:16-cv-02057-M | |
| § | | |
| WAL-MART STORES TEXAS, L.L.C., § | | |
| § | | |
| Defendant. § | | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Summary Judgment, filed on March 16, 2017 [ECF No. 10]. For the reasons stated below, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Yvonne Estes filed this case in Texas state court on June 14, 2016, alleging that Defendant Wal-Mart Stores Texas, L.L.C. is liable for injuries she sustained in April 2015, when she allegedly slipped and fell on a puddle of rainwater located in the partially enclosed entryway to one of Defendant's stores in Dallas, Texas.

Video surveillance equipment captured the forty-five minute period prior to Plaintiff's fall, as well as a partial view of her fall. [ECF No. 23]. The video depicts overcast weather, and several customers entering and exiting the store, carrying umbrellas. Approximately forty-four minutes before the incident, the video shows a Wal-Mart employee placing a caution cone in the center of the entryway. About six minutes later, an employee moved the cone towards the front of the entryway, and placed an additional cone there. A photograph shows that the cones displayed the words "CAUTION" and "WET FLOOR," and depicted a falling figure. Def.'s App. [ECF No. 12] at 14. Approximately twenty-five minutes before Plaintiff fell, an employee

is seen on the video mopping the entryway. [ECF No. 23]. The video shows many walking through the entryway and around the signs, without incident, prior to Plaintiff's fall.

Plaintiff fell just inside the threshold of the entryway, a few feet from one of the cones. *Id*. The video captures only a portion of Plaintiff's body, essentially from her knees down. *Id*. It does not display the puddle in which Plaintiff claims she fell. Plaintiff testified on deposition that it was raining when she fell and that before falling, she saw many puddles of water covering a large part of the entryway. Estes Depo., Def.'s App. [ECF No. 12] at 18-19.

Defendant removed the case on July 15, 2016, on the basis of diversity jurisdiction. [ECF No. 1]. Defendant now moves for summary judgment on all of Plaintiff's claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when the movant establishes that there is no genuine issue of material fact as reflected in the pleadings, affidavits, and other summary judgment evidence, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990); *McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 542 (5th Cir. 2012). The moving party bears the initial burden of demonstrating the absence of evidence supporting the nonmovant's claims. *Babcock v. Hartmarx Corp.*, 182 F.3d 336, 338 (5th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the movant meets this burden, the burden shifts to the nonmovant to prove that summary judgment is not appropriate. *Tobin v. AMR Corp.*, 637 F. Supp. 2d 406, 411 (N.D. Tex. 2009) (Lynn, J.) (citing *Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991)).

In determining whether a genuine issue of material fact exists, all factual disputes are to be interpreted in the light most favorable to the nonmovant, provided both parties have introduced evidence showing that a dispute exists. *See Lynch Props., Inc. v. Potomac Ins. Co.*,

140 F.3d 622, 625 (5th Cir. 1998). A district court properly grants summary judgment if, when viewing all facts in the light most favorable to the nonmovant, it determines there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Plaintiff asserts claims of premises liability, negligence, and gross negligence. Regarding her premises liability claim, under Texas law, a property owner owes an invitee a duty to exercise reasonable care to reduce or eliminate an unreasonable risk of harm created by a condition on the premises about which the property owner knew or should have known. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010); *Wal-Mart v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). However, a property owner is not an insurer against all risks. *See Cox v. Wal-Mart Stores East, L.P.*, 755 F.3d 231, 233 (5th Cir. 2014). To prevail on her premises liability claim, Plaintiff must show: (1) a condition on the premises posed an unreasonable risk of harm; (2) Defendant knew or should have known about the condition; (3) Defendant breached its duty to exercise reasonable care to reduce or eliminate the risk of harm; and (4) Defendant's failure was the proximate cause of Plaintiff's injuries. *See Reece*, 81 S.W.3d at 814 (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 262 (Tex. 1992)).

### III. ANALYSIS

Defendant moves for summary judgment on the grounds that at least one element of Plaintiff's claims for premises liability and negligence and gross negligence have been negated. Def.'s MSJ [ECF No. 10] at 1–2. The negligence claims turn on the same issues as the premises liability claim, since they all require proof of duty and breach. *See TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764-65 (Tex. 2009); *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996) (per curiam).

Defendant asserts that the puddles of rainwater did not, as a matter of undisputed fact and law, pose an unreasonable risk of harm to Plaintiff. Def.'s MSJ [ECF No. 10] at 1–2. Further, Defendant argues that it did not owe Plaintiff a duty, but even if it did, it did not breach such a duty. *Id*. Thus, Defendant contends that Plaintiff has failed to establish genuine issues of material fact on the first and third elements of her premises liability claim.

Texas courts have generally held that naturally accumulating conditions do not create an unreasonable risk of harm to invitees. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 676 (Tex. 2004) (holding that mud that accumulates naturally on an outdoor slab does not pose an unreasonable risk of harm, since it is caused by rain, an element beyond the premises owner's control); *Tex. Dep't of Transp. v. Martinez*, No. 04-04-00867-CV, 2006 WL 1406571 at *8 (Tex. App.—San Antonio May 24, 2006) (finding that the presence of rainwater on a road is a naturally occurring condition that does not create an unreasonable risk of harm). A naturally accumulating condition is one that builds due to weather conditions or other forces of nature, without the assistance or involvement of non-natural events or contacts. *Compare Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412–15 (Tex. 2010) (property owner not liable for injury caused by ice, because it is a naturally accumulating condition), *with Furr's, Inc. v. Logan*, 893 S.W.2d 187, 191–92 (Tex. App.—El Paso 1995, no writ) (ice accumulation caused by a leaking vending machine was not naturally occurring and could thus support a premises liability claim). Further, the Texas Supreme Court has noted that "invitees are at least as aware as landowners of the existence of [ice] that has accumulated naturally outdoors and will often be in a better position to take immediate precautions against injury." *Scott & White Memorial Hosp. v. Fair*, 310 S.W.3d 411, 414 (Tex. 2010) (alteration in original) (internal quotation marks omitted). The Supreme Court concluded that accumulated ice is not properly considered to be unreasonably

dangerous, because the danger complained of "is one that is normally associated with ice, one that [plaintiff] was clearly aware of, and one not substantially more dangerous than should be anticipated". *Id*. at 417.

Texas law thus recognizes that ice is a naturally occurring element that does not pose an unreasonable risk of harm. *See Scott & White*, 310 S.W.3d at 419; *Martinez*, 2006 WL 1406571, at *8. There is no reason that rain should be treated differently. Plaintiff provided no evidence that the puddle in which she slipped did not result from naturally occurring rain falling at the time of her fall. Plaintiff admitted that it was raining when she slipped, and the video shows overcast skies and customers using umbrellas. Estes Depo., Pl.'s App., [ECF No. 21] at 21; ECF No. 23. There is no evidence that the puddle accumulated due to any non-natural condition. In fact, Plaintiff presented no evidence that the hazard she complains of—a slippery puddle—was not a danger normally associated with rain, one that Plaintiff was not clearly aware of, nor one that was substantially more dangerous than should have been anticipated. *See Scott & White*, 310 S.W.3d at 417. Because rainwater falls under the general rule that naturally accumulating conditions do not create an unreasonable risk of harm, Plaintiff fails to establish facts which could support a claim for premises liability under Texas law.

Even if the water in question were considered to be unreasonably dangerous, Plaintiff fails to show that Defendant had a duty to exercise reasonable care, since the undisputed evidence confirms that the puddles of water were open and obvious. Whether a duty exists is a question of law for the court. *Del Lago Partners, Inc.*, 307 S.W.3d at 767. The Supreme Court of Texas recently held that a business generally does not have a duty to warn or protect invitees from conditions that are open and obvious or known to the invitee, subject to two exceptions not applicable here. *See Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193,198 (Tex. 2015). Only

5

where there is a concealed condition must one provide a warning or otherwise protect the invitee. *Id.* at 217.

The surveillance video in this case shows that the entryway where Plaintiff slipped is generally wet. ECF No. 23. Plaintiff testified that she was aware it was raining, and that she observed puddles covering the entire entryway before she fell. Estes Depo., Def.'s App. [ECF No. 12] at 18–19. Plaintiff further testified that she is usually more careful when it is raining, confirming that she was aware of the need to be cautious under such conditions. Estes Depo., Pl.'s App. [ECF No. 21] at 21. The evidence shows that the wet condition of the entryway was not a concealed danger, but rather was open and obvious and known to the Plaintiff before she fell. Plaintiff presents no evidence suggesting that either of the exceptions to the general rule apply.

In addition to proving that Defendant had a duty, the Plaintiff, to prove a premises liability or negligence claim, must prove that the Defendant breached its duty to exercise reasonable care to reduce or eliminate harm. *See Reece*, 81 S.W.3d at 814. The Supreme Court of Texas has held that there is no breach if a property owner either adequately warned the invitee of the condition or took reasonable action to make it reasonably safe. *Austin*, 465 S.W.3d at 198; *Henkel*, 441 S.W.3d at 252. Under Texas law, the adequacy of a warning generally presents a question of fact, but it can be considered as a matter of law if the evidence *conclusively* establishes that the property owner adequately warned of the condition. *See King v. Kroger Tex. L.P.*, No. 3:14-CV-2905-D, 2015 WL 1823042, at *2–3 (N.D. Tex. Apr. 22, 2015) (denying summary judgment for the property owner because the use of a singular, unmarked cone and its placement outside the wet area raised a close question on whether it provided adequate warning); *Golden Corral Corp. v. Trigg*, 443 S.W.3d 515, 518–20 (Tex. App.—Beaumont 2014, no pet.)

(although plaintiff contended she did not see any sign, the evidence conclusively established that the property owner adequately warned plaintiff of a wet floor by placing a large yellow sign with bold warnings on each side at the location of the wet area).

In this case, the surveillance video shows that the Defendant's employee placed two orange caution cones at the front of the entryway to warn customers of the wet condition in the entryway. ECF No. 23. The cones boldly displayed the words "CAUTION" and "WET FLOOR," and showed a falling figure. Def.'s App. [ECF No. 12] at 14. Plaintiff contends that Defendant's warning was inadequate, because she did not see the cones, and that they should have been placed outside the entryway, on the sidewalk, instead of within the entryway at the location of the hazard. Estes Depo., Pl.'s App. [ECF No. 21] at 20, 28. There is no evidence from which one could conclude that the cones were not clearly visible to invitees. In fact, the video demonstrates their visibility. The footage shows many customers walking near the warning cones, without incident, during the forty-five minute period before she fell. ECF No. 23. The warning cones were in the middle of the walkway and visible to customers coming in from the parking lot. They were not obscured or hidden behind shopping carts or other signs. Plaintiff testified that one of the warning cones was directly to her left when she fell. Estes Depo., Def.'s App. [ECF No. 12] at 26. Her testimony that she did not see the warning signs is not evidence that Defendant's warnings were inadequate. *See Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 360 (Tex. 1993) ("Plaintiffs' argument that the warning could have been more prominent does not prove that it was not prominent enough. Every warning can always be made bigger, brighter and more obvious."); *Golden Corral*, 443 S.W.3d at 519–20 ("Although [plaintiff] testified she did not see the sign . . . the video conclusively shows that the sign was displayed in a location that gave [plaintiff] reasonable notice of the hazard where she slipped.

While Golden Corral could have provided a warning that was inescapably obvious, it had no duty to do so."). The Court finds that the evidence indisputably establishes that the Defendant adequately warned invitees of the condition and that Defendant is thus entitled to judgment as a matter of law.

Plaintiff argues that a genuine issue of material fact exists as to the premises liability claim because the Defendant had constructive knowledge of the presence of a dangerous condition before she fell. Pl.'s MSJ Resp. Brief [ECF No. 20] at 5. However, because Plaintiff provided no evidence of the other essential elements of a premises liability claim—i.e., that the rainwater puddles constituted an unreasonable risk of harm—Plaintiff cannot prevail as a matter of law.

## IV. CONCLUSION

Because the Defendant has established that there are no genuine issues of material fact as to Plaintiff's premises liability, negligence, and gross negligence claims, Defendant's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED**.

June 27, 2017.

_____
**BARBARA M. G. LYNN**
**CHIEF JUDGE**